GEORGE SMITH v. SCHOOL DISTRICT No. 2 IN MILTON.

*Condemnation of land for school-house site—Comp. L., §§ 3713-3733.*

The jurisdiction to condemn lands for a school-house site is invoked by presenting to the proper officer a petition designating the site and showing disagreement with the owner as to compensation for it.

In proceedings to condemn land for a school-house site, the circuit judge is not required to act in preference to a circuit court commissioner.

Where the owner of land that is sought for a school-house site is represented at the proceedings to condemn it, he is deemed to waive objection to jurors if he does not challenge them at the time.

When the petition, notice, *venire*, finding and commissioner's certificate in proceedings to condemn land for a school-house site are regular on their face, and show full compliance with statutory requirements, the proceedings are presumed regular, and if the parties interested were represented, and omit, on filing the pro-

ceedings, to make a sworn showing to the circuit court of any other defects,—such as an omission to designate the site to the jury,—they cannot rely on it thereafter.

Certiorari to Cass. Submitted November 21, 1878. Decided January 14, 1879. The facts sufficiently appear in the opinion.

*Howell & Carr* and *Cholwell Knox* for plaintiff. The necessity of taking land for public purposes is a question for a jury, *Powers' Appeal*, 29 Mich., 504; *Paul v. Detroit*, 32 Mich., 108; and the petition for condemning it must allege the necessity, *Chicago & Mich. Lake Shore R. R. Co. v. Sanford*, 23 Mich., 418; *Grand Rapids, N. & L. S. R. R. Co. v. Van Driele*, 24 Mich., 409; *Clay v. Pennoyer Creek Co.*, 34 Mich,, 204. The unsworn certificate of a circuit court commissioner that a jury to condemn lands was properly sworn, is insufficient, *People v. Com'rs of Nankin*, 14 Mich., 528; *People v. Brighton*, 20 Mich., 57; Cooley on Taxation, 337.

*Charles W. Clisbee* and *Spafford Tryon* for defendant. Certiorari lies only to correct errors of a judicial, not of legislative character, *People v. Board of Health*, 33 Barb., 344; *People v. Livingston County Supervisors*, 43 Barb., 232. A statement in a petition for the condemnation of land, that the school district has designated the land as a school-house site, is a sufficient averment of the necessity of taking it, *Williams v. School District*, 33 Vt., 271. If, in. proceedings to condemn land, a party concerned is present with counsel when the jury is sworn, and makes no objection to the form of the oath, it will be presumed regular, *Hannibal R. R. Co. v. Morton*, 27 Mo., 317.

CAMPBELL, C. J. Proceedings were had under the statute to condemn land of plaintiff for a school-house site, in which the jury found a necessity for using the land, and awarded fifty dollars damages. The circuit court

confirmed the proceeding and rendered judgment. Smith brings certiorari and alleges various defects.

He appeared in the circuit and made no showing by affidavit or otherwise impugning the proceedings, but claimed they were defective and irregular.

The several assignments of defects first set forth rest upon alleged insufficiency of showing the regular designation of a site and its necessity.

The petition, signed by the assessor, as he sets forth by authorization from the board, recites that the site was resolved upon at a special school meeting called for that purpose, and that the reason of the application was that they had been unable to agree with Smith upon compensation. The authority to the assessor contains similar full allegations. The *venire* goes further and recites the presentation to the circuit court commissioner of the district records, but this the law does not require.

All that can be necessary to invoke the jurisdiction is to present a petition to the proper officer setting forth the designation and the disagreement with the owner. It would be absurd to require such a petition to contain copies of all proceedings which would merely be evidence in support of its allegations, unless plainly required by statute. In all legal proceedings it is usually enough to allege the necessary facts, leaving their establishment to be made when controverted or otherwise made necessary to be shown affirmatively.

In the present case it may be fairly assumed that the designation was shown to the jury as a step towards establishing its necessity. Section 3732 of the Compiled Laws expressly refers to it as a fact to be laid before the jury. If not so shown, Smith was represented there and knew it, and should have pointed out the omission by affidavit to the circuit court.

The objection that it does not appear there was no circuit judge in the county has no force. The statute does not require him to act in preference to a commissioner, but puts them on the same footing. § 3714.

40 MICH.—19.

It appears that John *Barber* acted on the jury, when no such name appears in the *venire* and return, John *Barker's* name appearing instead.

The statute expressly provides for challenges and for summoning talesmen, as well as for striking off superfluous names. As Smith does not appear to have made any objection to this juror, and nothing appeared to the contrary, it must be assumed he waived any objection, if there was any. He could not stand by and see the jury sworn without challenge or objection and then complain of the incompetency of one of them as something to be presumed, although not in any way indicated by the record.

So far as the oath is concerned, the commissioner certifies it was the oath required by § 3718. He also certifies that after the jury were sworn an adjournment was had by consent of parties, and that both parties were represented by counsel on the inquest. The presumption under these circumstances is that all was correctly done, in the absence of a showing to the contrary.

The claim that it appears the designation was made by the board and not by the district is not true in fact. There is in one place such a statement, but it is evidently a slip, and does not contradict the action of the district. If the board had also acted and come to the same conclusion with the district, it could not have done any harm.

The statute, when it provides for filing these proceedings in the circuit court, where they are to be confirmed if regular, contemplates that if any thing is done during their course which is contrary to the rights and wishes of either party, and which would not appear on the record, the objecting party will make some showing to that effect. It does not require the record itself to contain a full narrative of all that takes place before the commissioner or jury. When the petition, notice, *venire* and finding, and the commissioner's certificate, show a compliance with all that the statute sets out as necessary, the papers being

regular on their face raise a presumption against any wrong not appearing. If a party who has had every means of knowledge, and who has been fully heard, will not venture to make any responsible showing in derogation of correctness, he cannot prevail to overthrow what he has not seasonably objected to.

We think the proceedings should be affirmed with costs.

The other Justices concurred.