MICHIGAN AIR LINE RAILWAY, PETITIONER v. WILLIAM H. BARNES, CYRUS BARNES, CHARLES O. BARNES, MARY A. PATON AND ISAAC LOUNSBURY.

*Taking land for railway purposes—Damages.*

Where a jury is required merely to determine the damages or compensation for taking property for a railroad company, a finding in general terms is sufficient, and it need not specify the amount allowed for each item of injury.  And, unless there are indications to the contrary, the presumption is that all evident facts bearing on the amount of damages were taken into account.

Objections to the petition and award in proceedings for the condemnation of land must be clearly specified.

A description in an award condemning lands for railway purposes allowed a strip 30 feet wide on each side of a given line across the entire premises except that in crossing a specified parcel a strip only 25 feet wide was allowed south of the line.  It also described another parcel by making the boundary begin and end at the east end of the northerly outside line of the former and by giving the courses and distances.  *Held* sufficient.

An award of damages for land condemned for railway uses was sustained where it expressed the gross sum allowed to all joint claimants and

specified how much of it was for each of those interested as mortgagees.

Whether questions on appeal under the railroad law can be brought up by bill of exceptions—*Q*.

An inquest of damages for lands condemned for railway uses may be conducted by a jury without legal assistance, and liberal practice in the admission or rejection of testimony is allowable; and the conclusions of the jury thereon will not be disturbed except for rulings that were manifestly inaccurate and did substantial injustice.

It is not error in proceedings to condemn land to exclude on cross-examination of a witness a question as to his opinion upon facts the existence of which he has denied, especially when he has in effect answered the question in his direct examination.

The value of land for farm use is a proper subject of inquiry in proceedings to condemn it for railway purposes.

An objection that the award of a jury in proceedings to take land "is against the law and evidence in the case" cannot show what objections are deemed waived, and is insufficient to raise any question.

Appeal from Oakland.    Submitted June 8.    Decided October 6.

Petition for proceedings to ascertain damages for taking land.    Respondents Barnes appeal.    Order below affirmed.

*E. R. Wilcox, Maynard & Swan,* and *E. W. Meddaugh* for petitioner, cited as to the description of the land to be condemned : *East Sag. etc. R. R. Co. v. Benham* 28 Mich. 460 ; *Grand Junction etc. R. R. Co. v. County Com'rs* 14 Gray 553 ; *Coster v. New Jersey R. R.* 23 N. J. L. 235 ; *Marion etc. R. R. v. Ward* 9 Ind. 123 ; as to evidence of the value of the property taken : *Wallace v. Finch* 24 Mich. 255 ; *East Penn. R. R. v. Hiester* 40 Penn. St. 53 ; *Central Pacific R. R. v. Pearson* 35 Cal. 261 ; *In re Furman St.* 17 Wend. 670 ; *Mississippi Bridge Co. v. Ring* 58 Mo. 496 ; *Burt v. Wigglesworth* 117 Mass. 306 ; *Somerville & Easton R. R. v. Doughty* 22 N. J. L. 501 ; *Haslam v. G. & S. W. R. R.* 64 Ill. 353 ; *Robertson v. Knapp* 35 N. Y. 91 ; *Squire v. Somerville* 120 Mass. 579 ; *Schuylkill Nav. Co. v. Farr* 4 W. & S. 376 ; *Whitman v. Boston etc. R. R.* 3 Allen 133 ; *Boston & Worcester Co. v. Old Colony R. R.* 12

Cush. 611; *Lawrence v. Boston* 119 Mass. 128; Cooley's
Const. Lim. 567.

*Henry M. Cheever, Charles E. Miller* and *Edwin F.
Conely* for appellants.   Damages for taking land for railway
purposes should include compensation for all the prospective
loss or injury resulting from the proper construction or opera-
tion of the road : Sedgwick on Damages § 565; *Concord R.
R. v. Greely* 23 N. H. 237; *Mt. Washington Road Co.* 35
N. H. 134; *East Penn. R. R. Co. v. Hottenstine* 47 Penn.
St. 28; *Searle v. Lackawanna & Bloomsburg R. R.* 33
Penn. St. 57; *Hatch v. Vt. Cent. R. R.* 25 Vt. 49; *Dorlan
v. East Brandywine etc. R. R.* 46 Penn. St. 520; *Robb v.
M. & Mt. S. Turnpike Co.* 3 Met. (Ky.) 117; *Reg. v. Brown*
L. R. 2 Q. B. 630.

GRAVES, J.   This case comes up on appeal by respondents
Barnes in a proceeding to condemn property under the Rail-
road Law approved May 1st, 1873.   The jury who made the
finding were attended by the circuit judge and their report
was confirmed by the circuit court.

The first objection is that the taking includes premises
fronting on a street, and that the jury allowed nothing for
damages on that account.   For aught that appears the objec-
tion is gratuitous.   The conclusion is not a proper inference
from the record.   The jury were required "to ascertain and
determine the damages or compensation which ought justly
to be made," and they reported the result in general terms,
and this was sufficient.   It was not necessary to specify what
damage was allowed for each separate cause.   There is no
implication from the award that the jury omitted any ground
of allowance depending on street advantages.   In the absence
of circumstances indicating that facts evident to the jury and
bearing on the amount of damage were not fairly taken into
account, the presumption is that they were.   The charge
against the petition and award, of lack of due certainty in
describing the property, contains the same defect it assumes
to suggest.

The "objections" are required to be "specified," and the appellate court is confined to the specifications; all other objections are to be deemed waived. The obvious meaning is that the error and defects complained of shall be pointed out with such particularity that the attention of the appellee and of the court will be at once precisely directed to them. In case that is done there is no room for misapprehending the questions. The subjects of controversy are at once understood by all alike, and when they come to be decided the points ruled are certainly and clearly defined. The charge in question is general. It is called an objection, but there are no specifications. The petition and award are to be explored to find out, if practicable, the points aimed at by the objection. They are not "specified" or explained. But if we disregard this want of sufficiency in the notice of appeal, and resort to appellants' brief for a specification of their objections, no serious fault is disclosed. The jury made a personal inspection and seem to have had no difficulty, and we are not able to find the want of certainty imputed. The effect of the first description is to allow a strip thirty feet in width on each side of a given line, across the entire premises, except that in crossing the parcel thirty feet wide derived by Barnes from Fox, there is allowed on the south side of such given line, a strip twenty-five feet in width instead of thirty. The description of the adjoining piece on the north seems to be well enough. The exterior line is made to start at the east termination of the northerly outside line of the other parcel, and it is also made to close there. The courses and distances given determine the shape and quantity, and fix the position.

The second objections to the form of the award of damages and compensation are untenable. The amount allowed to appellants is evident. The nature of their interest has been admitted from the first. There has been no question about it. Their position is as owners. Mary A. Paton and Isaac Lounsbury were found to be interested as mortgagees, and the fact has not been disputed. The jury by their award first expressed the sum of their allowance to all, and then specified how much of that sum was for Mary A. Paton and

how much of it for Isaac Lounsbury; the necessary result being that what remained of the largest amount, after deducting the two smaller ones due to the mortgage interests, was found for appellants as holders of the equity of redemption. The means for getting at their quota are given without the possibility of error, and the process is too simple to be made a handle. *Smith v. Hartley* 10 C. B. 800 : 5 E. L. & E. 383.

The point based on the omission of the jury to specify a particular amount for each of the appellants, is admitted to be overruled by *East Saginaw & St. Clair R. R. Co. v. Benham* 28 Mich. 459, and the objection that the finding gives more land than was called for in the petition is expressly abandoned.

The claim that a bill of exceptions is a fit expedient for bringing up questions on appeal under the Railroad Law has been seriously questioned, and the practice cannot be taken for granted. But as all the evidence, as the parties admit, has now been sent up, and the return is claimed to be a full one, the point does not call for a positive decision.

The remaining questions relate to evidence, and they suggest a few preliminary words in regard to practice.

When the law provided how the tribunal should be constituted for these cases, and prescribed the method to be observed, it obviously contemplated that the practice respecting the admission of testimony should be as simple as a due regard to substantial justice would permit. It was not intended to leave the fate of the determination had in view to any fine-spun theories, or to the refinements which are not uncommon in trials at the circuit. They were not supposed to be necessary to the fundamental purpose or beneficial working of inquests of this nature, and no provision was made for the certain attendance of any one presumptively qualified to deal with them. The statute plainly assumes that the jury may conduct the inquiry without the aid of any legal expert, and under circumstances in which it would be difficult, if not impracticable, to preserve technical or hair-drawn questions in a shape to be reviewed. And were the niceties of *nisi prius* to be insisted on, the proceeding would speedily break

down under the perplexities and embarrassments due to its own methods. The conclusion to which these and other considerations lead is that a very large discretion in admitting and rejecting testimony is left to the jury, or the attending officer, whenever there is one, and that when the case is brought here by appeal the award cannot be disturbed on account of such decisions, unless it is fairly evident, in view of the facts and circumstances, that the ruling was not only inaccurate, but was a cause of substantial injustice to the appellant in the matter of the result.

On referring to the particular objections as they are noticed in the brief, the first is that M. S. Hadley, when cross-examined, was not ruled to give his opinion on the assumption of a state of things which he denied. He had just stated that if the ability to run the paper mill to its full capacity was impaired, the damages would be greater than an amount he had named; and in reply to the question on which the point arises he observed that what had been done had not interfered at all with the business of the mill; and the complaint is that he was not compelled to swear whether the damages would not be increased if there was an interference sufficient to stop three machines in the winter. This inquiry was not important; still whatever there was of substance was elicited.

The point cannot prevail that it was incompetent to ask what the land in question was worth for farm use. The utility of the property for that purpose cannot be deemed a circumstance forbidden to the consideration of the jury. Its exclusion would have been a stretch of discretion. There is no occasion for an opinion relative to its weight. The claim that the inquiry about the artesian well, and the effect of cutting off the place for piling wood, was restricted to appellants' prejudice, is not well founded. The range given to the introduction of testimony on the part of appellants was extremely liberal. It would be a waste of time to comment at large upon the volume of evidence returned. The premises were examined by the jury, and the advantages needed and those cut off were explained by witnesses. The previous opportunity for piling wood and the opportunity

left were understood by the jury, and the appellants were allowed to state what they had expended on the partly-completed well. It was being sunk by a contractor pursuant to an agreement entitling him to a specific price on its completion, with a flow of water sufficient to supply the mill, and what still remained to bring it to a condition to supply the mill and answer the contract was uncertain and unknown. The appellants were allowed to give their opinion of the value of the premises before and after the change caused by the ailroad, and the amount of injury received, having reference to the condition, character and uses of the property, and it is evident that the course the judge allowed the investigation to take, deprives the objection of all merit.

The last objection is that " the award of the jury is against the law and the evidence in the case." This is insufficient to raise any question. It does not comply with the statute. It points out nothing, and leaves it impossible for the court to say, on the face of the record, what objections "shall be deemed to have been waived." Were this held good, it would be the same as saying the others were not necessary, because the language is broad enough to include them. But, were the objection sufficient, the claim which the brief sets up under it has no force.

It is said that the allowance to appellants is larger now than at the former inquiry, and therefore they are entitled to costs. The premises are not true. The award to them is less now than before.

The objections failing, the order below will stand affirmed and costs be given against the appellants.

The other Justices concurred.