MARTIN J. PALMER v. JOSHUA CLEMENT, HIGHWAY COMMISSIONER.

*Private ways—Petition—Jurors—Venire—Condemnation of land.*

The objection, in proceedings to lay out a private way that the petition therefor was not sworn to, is waived if the parties proceed to strike a jury without objection.

Jurors in proceedings to lay out a private way are not disqualified by having served in previous ineffectual proceedings, taken by the same person, for obtaining another right of way to reach the same lands.

A statutory requirement that the *venire* for a jury in proceedings to lay out a private way shall be returned forthwith is practically met by making it returnable next day an one o'clock.

Where a party to condemnation proceedings, instead of striking off a juror says he does not care which name is struck off and that the highway commissioner may strike one off himself, he cannot afterward object to the course taken.

One who has already a private right of way is not obliged to wait until his easement expires before instituting proceedings to obtain a continuance of, or substitute for it, but may move a reasonable time before it expires.

Certiorari to highway commissioner. Submitted June 22. Decided June 27.

*Gibson, Parkinson & Ashley* for plaintiff in certiorari.

*A. & C. A. Blair* for defendant in certiorari.

COOLEY, J.   To the proceedings in laying out a private way the relator, over whose lands it was laid, makes several objections :

1. The petition was not sworn to.  But this objection, if valid, was waived by proceeding to strike a jury without objection.

2. Several of the jurors summoned had sat in other and ineffectual proceedings by the petitioner to obtain a right of way to reach the same lands which it is intended to reach by the private way now proposed.  If this was a good objection to the jurors, inasmuch as it appears the relator knew all the facts, it ought to have been taken before they were sworn; but it was not.  It must be deemed waived.

3. The venire for the jury instead of being returnable "forthwith," as the statute seems to contemplate—Public Acts, 1881, p. 311—was made returnable the next day at 1 o'clock.  This was practically forthwith and sufficient.

4. On the return of the *venire*, one juror failed to come, claiming a statutory exemption.  The constable thereupon wrote down three names, the petitioner struck off one, and the commissioner called on the relator to do the same. Relator told the commissioner—as the latter returns—that he did not care which name was struck off, and the commissioner might strike one off himself, which he proceeded to do.  Whether this was strictly correct or not, it was good under the circumstances as against relator.

5. It is claimed that it appeared in the case there could be no necessity for the jury because it appeared affirm-

atively that petitioner had a right of way to his lands which was to continue until May 1, 1882, which was after the time when these proceedings were taken. But it does not clearly appear that the one way answered all the purposes to be accommodated by the other, and if it did, we do not think petitioner was bound to wait until his existing right was terminated before instituting proceedings for a substitute. He might move, we think, a reasonable time in advance of the expiration of the existing easement; he need not wait till he had no way at all.

The writ will be quashed with costs against relator.

The other Justices concurred.