BOYNE CITY, GAYLORD & ALPENA RAILROAD CO. *v.*
ANDERSON.

ANDERSON *v.* CHARLEVOIX CIRCUIT JUDGE.

1. EMINENT DOMAIN — RAILROADS — RIGHT OF WAY—DAMAGES—
ASSESSMENT—EVIDENCE.

Where, in proceedings to condemn land for a railroad right of
way, the landowner expressly disclaims the right to recover
damages for increased fire risk, evidence concerning the fire
insurance rate on his buildings, offered by the railroad, is
properly rejected.

2. EVIDENCE—PHONOGRAPHIC REPRODUCTION OF SOUNDS — ADMIS-
SIBILITY.

In proceedings to condemn land for a railroad right of way, the
landowner is properly allowed to exhibit to the jury, by
means of a phonograph, a reproduction of the noises made by
the petitioner's trains in conducting their operations in the
vicinity of respondent's premises, a proper foundation having
been laid for the admission of such evidence.

3. EMINENT DOMAIN—RAILROADS—APPEAL—QUESTIONS CONSIDERED
—RULINGS ON EVIDENCE.

Questions raised over the introduction of evidence in proceed-
ings by a railroad company to condemn land cannot ordinar-
ily be considered on appeal, though evidence clearly improper
might justify a reversal of confirmation should it appear
that it caused a substantial error on the part of the jury.

4. SAME — CONDEMNATION PROCEEDINGS — EVIDENCE — HARMLESS
ERROR.

Where, in proceedings to condemn land for a railroad right of
way, the jury find it necessary for petitioner to occupy the
land involved, errors in permitting the introduction of evi-
dence concerning the feasibility of other routes are harmless.

5. SAME—DAMAGES—AWARD—REVIEW.

With respect to the damages awarded in condemnation proceed-
ings, it is not within the province of this court to review the
question further than to see that the finding is supported by
the evidence.

6. SAME—ATTORNEY FEES.

    The circuit judge is the final arbiter as to the amount of attorney fees to be awarded in proceedings to condemn land for a railroad right of way, and this court cannot review his determination. Section 6240, 2 Comp. Laws.

Error to Charlevoix; Mayne, J. Submitted October 17, 1906. (Docket No. 91.) Decided November 7, 1906.

Condemnation proceedings by the Boyne City, Gaylord & Alpena Railroad Company against Frank Anderson. There was judgment for respondent and petitioner brings error. Affirmed.

Mandamus by Frank Anderson to compel Frederick W. Mayne, circuit judge of Charlevoix county, to allow certain attorney fees. Submitted October 17, 1906. (Calendar No. 21,670.) Writ denied November 7, 1906.

*J. M. Harris* and *L. F. Knowles* (*James H. Campbell*, of counsel), for appellant.

*H. A. Jersey* and *George E. Nichols*, for appellee.

BLAIR, J. Petitioner commenced condemnation proceedings in July, 1905, to determine the necessity for laying its tracks upon and along Ray street in Boyne City, opposite respondent's hotel property, and for an appraisement of the damages in consequence thereof. The jury found that it was necessary for petitioner to occupy the street and appraised respondent's damage at the sum of $1,500. The circuit judge confirmed the report of the jury, and petitioner has appealed to this court, specifying the following objections:

"1. Rejection of evidence showing insurance rates on respondent's buildings and upon other buildings in Boyne City.

"2. Admitting in evidence the use of the phonograph.

"3. Admitting evidence to show that the petitioner could build its railroad upon another and different line in

the village of Boyne City than the route shown by its map, approved by the State railroad crossing board and filed in the office of the register of deeds, and upon which the tracks were actually built in 1893.

" 4. Admitting evidence as to another line and permitting the jury to view and go over the said line.

" 5. The admission of evidence as to such other line and arguments relating thereto was prejudicial to the petitioner respecting the amount of damages awarded, although the jury found that the use of the property described in the petition was necessary.

" 6. The damages ($1,500) awarded by the jury are grossly exorbitant, extravagant, and excessive.

" 7. The damages awarded are so excessive, unwarranted, and unjust as to show that the jury were actuated by false reasoning, immaterial matters, or by passion or prejudice.

" 8. The damages awarded are unwarranted by, and are against, the weight of the evidence, and out of proportion to the value of the property claimed to be damaged by the proximity of the railroad.

" 9. Admission of evidence and of argument to the jury claiming damages by reason of depreciation of the property on account of proximity of the railroad tracks, while the undisputed evidence shows that the property has appreciated in value continuously during the time since the tracks have been built."

Admission and Exclusion of Evidence.

1. Respondent expressly disclaimed any right to recover damages for increased fire risk.

2. A phonograph was permitted to be operated in presence of the jury to reproduce sounds claimed to have been made by the operation of trains in proximity to respondent's hotel. With proper proofs, such as were fully given in this case, to justify the introduction of the instrument as a substantially accurate and trustworthy reproducer of the sounds actually made and testified to, we think its use legitimate. Communications conducted through the medium of the telephone are held to be admissible, at least in cases where there is testimony that the voice was recognized. 27 Am. & Eng. Enc. Law (2d Ed.), p. 1091, and cases cited; 1 Wigmore on Evidence, § 669; 3 Wigmore on Evidence, § 2155. The ground for receiving

the testimony of the phonograph would seem to be stronger, since in its case there is not only proof by the human witness of the making of the sounds to be reproduced, but a reproduction by the mechanical witness of the sounds themselves.

Even if it should be held that it was error to permit the use of the machine, its mild reproduction of sounds could not have so seriously prejudiced petitioner as to require a reversal of the case upon that ground. As we have recently said:

"Questions raised over the introduction of evidence cannot be considered, in these proceedings, ordinarily. We have so held in many cases cited in the briefs of counsel, repeated here for future reference. *Michigan Air Line Ry.* v. *Barnes*, 44 Mich. 236; *Toledo, etc., R. Co.* v. *Dunlap*, 47 Mich. 456; *Port Huron, etc., R. Co.* v. *Voorheis*, 50 Mich. 510; *Detroit, etc., R. Co.* v. *Crane*, 50 Mich. 182; *Fort-Street Union Depot Co.* v. *Jones*, 83 Mich. 415; *Marquette, etc., R. Co.* v. *Longyear*, 133 Mich. 94. It is true that evidence clearly improper might justify a reversal of confirmation, should it appear that it had caused a substantial error on the part of the jury; but we do not find such to be the fact here." *Detroit, etc., R. Co.* v. *Campbell*, 140 Mich. 397.

3, 4. The jury found it necessary for petitioner to occupy the street as alleged by petitioner, and the errors, if any were committed, were harmless so far as these specific objections are concerned.

### Damages.

5–9. These objections relate to the subject of damages. The range of inquiry upon the subject of damages in such proceedings is quite wide; the object of the inquiry being to ascertain the respondent's entire loss, for the purpose of making it good to him. *Grand Rapids, etc., R. Co.* v. *Weiden*, 70 Mich. 390; *Grand Rapids, etc., R. Co.* v. *Chesebro*, 74 Mich. 466; *Commissioners of Parks & Boulevards of Detroit* v. *Railroad Co.*, 91 Mich. 291; *Same* v. *Moesta*, 91 Mich. 149, 154; *City of Detroit* v. *John Brennan & Co.*, 93 Mich. 338; *Keyser* v. *Rail-*

*way Co.*, 142 Mich. 143. There was an abundance of testimony, if believed by the jury, to sustain their award.

"It is not within our province to review the question of fact, further than to see that the finding is supported by the evidence." *Detroit, etc., R. Co.* v. *Campbell*, 140 Mich. 397.

See, also, *Detroit, etc., R. Co.* v. *Hall*, 133 Mich. 302. The order of confirmation is affirmed, with costs of this court to respondent.

At the time of filing his motion for the confirmation of the report of the jury and to fix his attorney fees and costs, respondent also filed a statement of the account of his attorneys, as follows: An itemized statement of the account of his counsel, George E. Nichols, amounting to the sum of $833.50; an itemized statement of the account of his local attorney, H. A. Jersey, amounting to the sum of $333.75. Of these sums, $327.85 was charged for services and expenses in a chancery proceeding to enjoin the railroad company from operating its road in front of respondent's premises. The circuit judge taxed respondent's costs at the sum of $101.80 and allowed $200 for attorney fees and expenses of attorneys. Respondent applied to this court for a writ of mandamus to require the circuit judge to allow his attorneys' fees and expenses as presented in their statements. An order to show cause was issued, to which the circuit judge made his return, and the matter was argued with the principal case. The return substantially admits that the services charged for were rendered and the amounts charged were reasonable as between attorney and client, but denies that they were reasonable within the meaning of the statute. Section 6240, 2 Comp. Laws. We think it was the intention of the legislature to make the circuit judge the final arbiter as to the amount of the attorney fees to be awarded in such proceedings, and that we cannot review his determination. *Detroit, etc., R. Co.* v. *Hall*, 133 Mich. 302.

Writ denied.

CARPENTER, C. J., and McALVAY, GRANT, and MOORE, JJ., concurred.