VILLAGE OF PAW PAW v. FLOOK.

1. EMINENT DOMAIN—JUSTICES OF THE PEACE—JURISDICTION.
   In condemnation proceedings under 1 Comp. Laws 1915, §
   2784 et seq., where the amount awarded to defendant was
   $600, defendant's contention in this court that the justice
   of the peace who summoned the jury was without juris-
   diction under section 16, art. 7, of the Constitution, which
   limits the jurisdiction of justices to $500, is without merit,
   since the justice formed no part of the special tribunal,
   but his duty was to set the proceedings in motion by
   organizing the jury; his functions being at the most
   advisory, and the award is the award of the jury, al-
   though he must affirm or vacate it.

2. SAME—SPECIAL OBJECTION TALESMEN NOT FREEHOLDERS WAIVED.
   A special objection under 1 Comp. Laws 1915, § 2798, that
   the officer designated by the justice of the peace for
   the purpose of summoning a jury did not furnish a list
   of 24 freeholders, that certain of those listed as free-
   holders were not in fact such, and that one on the list
   was an officer of plaintiff village, was waived where de-
   fendant, without challenge, announced satisfaction with
   the jury.

3. SAME—ENTRY OF JUDGMENT ON SAME DAY VERDICT RENDERED
   NOT VOID.
   Where no motion for new trial or to arrest the proceedings
   was made under 1 Comp. Laws 1915, § 2809, and no show-
   ing of prejudice to defendant is made, the judgment is
   not void because entered on the same day the verdict
   was rendered, although under said statute said motions
   may be made in two days after rendition of verdict.

Case-made from Van Buren; Des Voignes (L.
Burget), J. Submitted April 7, 1921. (Docket No.
41.) Decided June 6, 1921.

Condemnation proceedings in justice's court by the
village of Paw Paw against Barbara Flook. There

was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Earl L. Burhans* and *William J. Barnard,* for appellant.

*Thomas J. Cavanaugh,* for appellee.

CLARK, J. Condemnation proceedings under 1 Comp. Laws 1915, § 2784 *et seq.* The jury summoned by the justice of the peace found the taking necessary and awarded defendant $600. In the circuit court there was a like result. Defendant, upon appeal here, contends that the justice of the peace was without jurisdiction because of section 16, article 7, of the Constitution, which gives justices of the peace exclusive jurisdiction to the amount of $100 and concurrent jurisdiction to the amount of $300, and which provides that the same may be increased to $500. The contention has no merit. The justice of the peace formed no part of this special tribunal. His duty was to set the proceedings in motion by organizing the jury. His functions were at the most advisory. The jury were judges of both law and fact, a jury of inquest, not a court. The award is the award of the jury, although the justice of the peace must affirm or vacate it. See *Grand Rapids, etc., R. Co.* v. *Chesebro,* 74 Mich. 466; *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456, and *City of Detroit* v. *Fidelity Realty Co.,* 213 Mich. 448, where this subject is fully considered.

With this claim of appeal to the circuit court defendant set forth a special objection (section 2798, 1 Comp. Laws 1915) that the officer, designated by the justice of the peace for that purpose, did not furnish a list of 24 freeholders, that certain of those listed as freeholders were not in fact such, that certain of such persons sat as jurors, that the two talesmen were

not freeholders, and that one of the list of 24 was an officer of the plaintiff village. On the day set for the inquest in the circuit court, and before impaneling the jury, defendant offered in support of the special objection the testimony of witnesses, including some of the jurors who had been summoned by the justice of the peace. Complaint is made of the refusal of the offer. On July 26, 1920, from such list defendant, in person, struck 6 names and plaintiff struck 6 names, including the name of its officer. The 12 remaining were summoned to appear on August 2, 1920. They were subject to challenge for cause. Not being a freeholder was ground for challenge. The record shows no inquiry on the subject. No challenge was made. On the day but 10 appeared. The panel was filled by talesmen, plaintiff and defendant in person consenting. Both parties announced satisfaction with the jury and the oath was administered. The objection was waived. See *Mansfield, etc., R. Co.* v. *Clark,* 23 Mich. 519; *Smith* v. *School District,* 40 Mich. 143; *Chatterton* v. *Parrott,* 46 Mich. 432; *Johr* v. *People,* 26 Mich. 427; *Detroit, etc., R. Co.* v. *Crane,* 50 Mich. 182; *Palmer* v. *Highway Commissioner,* 49 Mich. 45; 20 C. J. pp. 1006, 1008.

In the circuit court the judgment of confirmation was entered on the same day the verdict was rendered. This is said to be void because of section 2809, 1 Comp. Laws 1915.

"Sec. 26. The verdict of the jury may be set aside by the circuit court and a new trial ordered as in civil actions at law. Said court may allow amendments either in form or substance as may be necessary and in that behalf exercise all the powers hereinbefore granted. Motions for a new trial or to arrest the proceedings shall be made within two days after the rendition of the verdict unless further time is allowed by the court, and if no such motion is made, or being made, is overruled, the court shall enter an order or

judgment confirming the verdict of the jury, and such judgment of confirmation unless reversed by the Supreme Court, shall be final and conclusive as to all persons interested therein."

No motion for a new trial or to arrest the proceedings was made.    There is no showing of prejudice to the defendant because of the early entry of the judgment, and without it there is no merit in the contention.

We have considered the other questions raised.    We find no error.

Affirmed, with costs to plaintiff.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.