WILLIAM NEWTON v. THE BOARD OF CANVASSERS OF WAYNE COUNTY.

*Elections—Recount—Authority of board of county canvassers—State officers.*

1. An application by a candidate for Supreme Judge to the board of county canvassers for a recount under Act No. 208, Laws of 1887 (3 How. Stat. § 234a), made on the last day on which the Board of State Canvassers can, if the direction of the statute is to be observed, canvass the returns and issue the certificate of election, is not in time, and *mandamus* will not lie to compel such recount.

2. The evident purpose of the act of 1887 was to provide for a recount antecedent to the determination by the board of county canvassers of the number of votes cast for the office as to which a recount is applied for.

3. It is clearly intended by the act that, in case of various contests,

arising before the board, different committees may be appointed, and the recount in all cases proceed at once.

4. The board of county canvassers acting on a contest may well be held to constitute a special tribunal when in session only for the purpose of considering such contest, and it was not the legislative intent that the presentation of an application for a recount to the body when so acting, and after a full determination of the result as to the candidates for other offices, should entitle the party presenting such petition to a recount.

5. Relator has an ample remedy in this case under section 5, art. 8, of the Constitution, which provides that, when the determination of the Board of State Canvassers is contested, the Legislature in joint convention shall decide which person is elected; citing *Royce v. Goodwin*, 22 Mich. 501.

6. It will be assumed that the Legislature will deal fairly in case of· such a contest, and there can be no doubt of its right in joint session to ascertain, by means of the best evidence attainable, the actual state of the vote.

*Mandamus.* Argued December 23, 1892. Denied December 24, ·1892.

Relator applied for an order to show cause why *mandamus* should not issue compelling respondent to grant relator a recount of the ballots cast for Justice of the Supreme Court. The facts are stated in the opinion.

*Black & Dodge,* for relator.

*Cahill & Ostrander,* for respondent.

PER CURIAM. The relator was a candidate for Justice of the Supreme Court at the late election. On the 20th day of December, instant, relator presented to the board of county canvassers for the county of Wayne a petition for a recount of the ballots cast in certain of the precincts of the city of Detroit, under Act No. 208, Laws of 1887.

This recount was refused, and the present application is for an order to be directed to the board of canvassers to show cause why a *mandamus* to compel such recount should not issue. In view of the importance of the ques-

tions involved, counsel on both sides have been given an opportunity to be heard upon this application.

The petition shows that the canvass and return of the votes cast for State officers in Wayne county has been filed with the State Canvassing Board by the board of county canvassers. The question which meets us at the threshold is whether the application for a recount was in time.

The statute relating to the duties of the board of county canvassers evidently contemplates that the board shall proceed promptly to determine the result of the election, and that no adjournment, except for the purpose of having returns corrected, be made. How. Stat. §§ 179, 181, *et seq.*

Section 203 provides that the Secretary of State shall, on the receipt of the certified copies of the statement of votes given in the several counties directed by law to be sent to him by the county clerks, record the same in a book to be by him kept for that purpose; and if, from any county clerk, no such statement shall have been received on or before the second Monday of December next after a general election, he shall call upon the Governor and State Treasurer for the statement, which the law provides shall be sent to them respectively. The term of State officers is made to commence January 1 after the election, and it is evident that it was the intent that the Board of Canvassers should conclude their action before January 1. This the provisions relating to the duty of the State Board clearly show. Section 206 provides that the Board of State Canvassers shall meet for the purpose of declaring the result of the election on or before the 15th day of December, and section 217 is as follows:

"The said Board of State Canvassers shall have power to adjourn from day to day for a term not exceeding five days."

It appears, therefore, that the application for a recount in the present case was made on the last day on which

the Board of State Canvassers could, if the direction of the statute is to be observed, canvass the returns and issue the certificate of election.

The evident purpose of the act of 1887 was to provide for a recount antecedent to the determination of the number of votes cast. The provision is that the board of canvassers, upon receiving the report of the committee, shall accept the same as correct, anything in the previous returns from such township, ward, or district to the contrary notwithstanding. Accept this report for what purpose? Evidently for the purpose of some action by the board. This action is simply the determination of the votes, and such determination has been made in this case, and must have been made before such petition was presented, in order that the Board of State Canvassers could act within the time accorded them by statute. The next provision of the act of 1887 is that any candidate not receiving a certificate of election may, for errors apparent on the face of the returns, have the same examined and corrected by *certiorari* to the circuit court of the county. If the statute be held to apply to State officers at all, it is clear that the determination is open to review by *certiorari*, and what is open to review is evidently the proceedings which have antedated the determination or issue of the certificate.

It is urged, however, that the relator is in time, as the statute states that the application may be made on or before the last day on which the board of canvassers meet. The provisions of this statute are, as we have shown, incongruous; and seemingly conflicting. We do not feel justified in giving such a construction to the statute as will render nugatory some of the provisions of the act itself, as well as so disarrange the system of canvassing votes for the State officers as to prevent such officer from receiving his certificate until after his term begins. We

think that, at the latest, the application must be made on or before the last day on which the board is in session for the purpose of taking action relating to the petitioner's claim to the office in controversy, and that it was not contemplated that each candidate could, one after another, await the final determination of a preceding contest before applying for a recount.    This would render the canvass next to interminable, and not only this, but would enable a contestant, in a case like the present, to withhold his application until his opponent is deprived of a recount in all other counties in the State, by reason of the canvassing boards having adjourned.    It was clearly intended that, in case of various contests arising before the board, different committees could be appointed, and the count in all cases proceed at once.    The board acting on a contest may well be held to constitute a special tribunal when in session only for the purpose of considering such contest.    We think it was not the legislative intent that a presentation of the application to the body when so acting, and after a full performance and determination of the result as to the candidates for other offices, should entitle the party presenting such petition to a recount.

The relator has an ample remedy in this case under section 5, art. 8, of the Constitution.    See *Royce v. Goodwin,* 22 Mich. 501.    It has been suggested that the legislative precedent is against the opening of ballot-boxes for the purposes of a recount.    We are bound to assume, however, that the Legislature will deal fairly in case of a contest, and, in our opinion, there can be no doubt of the right of the Legislature, in joint session, to ascertain, by means of the best evidence attainable, the actual state of the vote.