## DRENNAN v. COMMON COUNCIL OF WYANDOTTE.

Elections—Recount of Votes—Delay of Petitioner.

> Under 3 How. Stat. § 234a, a candidate desiring a recount of the votes cast at an election must apply therefor on or before the last day of the regular session of the board of canvassers, and by merely filing a protest on the last day, and thereby securing an adjournment, he cannot extend the time within which to file his petition.

*Certiorari* to Wayne; Hosmer, **J.** Submitted June 11, 1895. Decided July 2, 1895.

*Mandamus* by Jeremiah Drennan to compel the common council of the city of Wyandotte to reconvene as a board of canvassers, and to recount the votes cast for the office of supervisor, pursuant to relator's petition. From an order denying the writ, relator brings *certiorari.* Affirmed.

*T. E. Tarsney* and *W. W. Wicker,* for relator.

*Casgrain, Sullivan, Mason & Dwyer,* for respondent.

Montgomery, **J.** This is *certiorari* to the circuit court of Wayne county to review an order denying a *mandamus.* The relator was a candidate for the office of supervisor for the Second ward of the city of Wyandotte. The board of canvassers met on the 4th of April, 1895, and adjourned to the 5th of April, which would be the last day, in the usual course of the session. On that day the relator made no application for a recount of the votes, but filed a protest with the board against the issuing of a certificate of election to his competitor, on the ground, as he stated:

"I have several reasons to believe that he [his competitor] has not been duly and lawfully elected to the office of supervisor of said ward."

The board thereupon assumed to adjourn to the 15th day of April. Application was made by the competitor of the relator, Mr. Megges, for a *mandamus* to require the board to issue to him a certificate of election. Upon the hearing of this application a *mandamus* was granted, requiring the board to reconvene on the 15th of April, and canvass the votes. On that day the relator appeared before the board, and asked for a recount.

We think this application came too late. The statute (Act No. 208, Pub. Acts 1887) provides that the application for a recount shall be made on or before the last day of the session of the board, and as was held in *Newton* v. *Board of Canvassers*, 94 Mich. 455, the statute contemplates that the board shall proceed promptly to determine the result of the election, and that no adjournment, except for the purpose of having the returns corrected, shall be made. We think it was not within the power of the relator to extend the time within which he could make his application for a recount by filing a protest which the law·does not recognize, and thus inducing an unlawful adjournment of the board.

The conclusion of the circuit court was right, and the order will be affirmed.

The other Justices concurred.