CAMPBELL *v.* JACKSON CIRCUIT JUDGE.

1. VENUE—DISQUALIFICATION OF JUDGE—CONSTITUTIONAL LAW—CRIMINAL LAW.

    Under the Constitution (article 6, § 11) circuit judges may hold court for each other, and shall do so when required by law; and a judge disqualified to hear and try a criminal proceeding, is warranted in calling the judge of another circuit to sit in such case.

2. SAME—LOCAL PREJUDICE—DISCRETION OF TRIAL COURT.

    Where an examination of the record shows that the trial court did not abuse his discretion in denying a change of venue on the grounds of local prejudice, his ruling will not be changed.

Mandamus by Robert Campbell to compel Howard Wiest, acting circuit judge of Jackson county, to grant a change of venue. Submitted December 21, 1908. (Calendar Nos. 23,143, 23,144, 23,145.) Writs denied January 4, 1909.

*Thomas E. Barkworth,* for relator.

MOORE, J. There are three motions heard as one in this proceeding. The relator is charged with three sepa-

rate felonies in three criminal cases. In each of the cases he sought for a change of venue. His application was refused. This proceeding is brought to review that action. His motions were heard and decided by the judge of the Ingham county circuit court at the request of the judge of the Jackson county circuit court, where the cases against Mr. Campbell are pending. The questions presented by counsel for the relator in his brief are: Should the change of venue have been ordered, *first*, because the judge of the Jackson circuit court was disqualified from hearing these particular cases, and, *second*, because of the prejudice existing on the part of the people of Jackson county?

Counsel state that the only statute governing the application is section 309, 1 Comp. Laws, which gives the power to change the venue upon good cause shown. It is urged that, when it appears the judge of the circuit court where the cause is pending is disqualified from hearing the particular case, a change of venue will follow for that reason alone. Counsel say in relation to this contention:

"I know of no decision in Michigan affecting the matter with respect to the points raised by this record."

Article 6, § 11, of the Constitution, provides:

"Judges of the circuit court may hold courts for each other, and shall do so when required by law."

Counsel suggest that section 300, 1 Comp. Laws, should apply; but a reference to the language of that section will show that the condition in the Jackson circuit court is not such as to require a notice from the clerk of Jackson county to the governor and the designation by him of a judge to preside in Jackson county. The constitutional provision quoted above is broad enough to warrant a judge of some other circuit to preside at the request of the judge of the circuit where the case is pending. See *People* v. *Goodwin*, 22 Mich. 500.

*Second.* Has the relator shown good cause for a change

of venue? A stipulation was filed as to certain publications appearing in newspapers in Jackson county. Affidavits were filed in favor of the relator, and also in favor of the people. Judge Wiest was of the opinion that it was not shown that a fair and impartial jury could not be obtained in the circuit court where the cases are pending. An examination of the record satisfies us that his conclusion is correct.

The order denying the application for a change of venue in each of the cases is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and McALVAY, JJ., concurred.