CYRUS H. FOUNTAIN v. MAYOR, ETC., OF JACKSON.

*Municipal corporations—Reduction of salary.*

The charter of Jackson provides that the compensation of the superintendent of public works shall be fixed by the board of public works and approved by the common council. *Held,* that the council alone could not reduce it.

Error to Jackson. (Gridley, J.) Jan. 5.—Jan. 17.

ASSUMPSIT. Defendant brings error. Affirmed.

City Attorney *Chas. A. Blair* for appellant.

*Gibson, Parkinson & Ashley* for appellee.

MARSTON, J. This case appears to have been tried upon the merits, and no objection seems to have been made to the form of remedy. Under the finding of facts, the judgment rendered was correct, and as the city has not therefore been injured we are not inclined to consider the question raised for the first time in this Court.

The plaintiff was by the board of public works of the city of Jackson appointed superintendent. The charter pro-

vided that his compensation should be fixed by the board and approved by the common council. This was done in 1876, and his salary was fixed at $1200 per year and approved. No change was made or attempted until March, 1880, when the common council of its own motion attempted to reduce his salary to $1000, and yet they continued for the greater part of the year to pay his salary monthly at the old rate of $1200 per year.

Neither under the charter of 1875 nor the amendment of 1877, (Local Acts, 1877, p. 474) did the council have power to fix plaintiff's salary. It was and remained for the board of public works so to do, subject to the approval of the council.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.