HOLLAND *v*. ADAMS.

1. OFFICERS—CONSTITUTIONAL LAW—DECREASE IN SALARY.

Constitutional prohibition against decrease of salary during term of office applies to all public officers having fixed terms and to all salary-fixing bodies (Const. 1908, art. 16, § 3).

2. JUSTICES OF THE PEACE—CHANGE OF SALARY AFTER ELECTION.

Salary of justice of the peace of the city of Pontiac who is paid by county, has jurisdiction over county cases and is a constitutional officer, may not be changed after his election (Const. 1908, art. 7, § 15, art. 16, § 3; Act No. 398, Local Acts 1907; 3 Comp. Laws 1929, §§ 16215–16217).

3. CONSTITUTIONAL LAW—LOCAL ACTS—CLASSIFICATION.

A statute is not invalid as local legislation if it has a reasonable and logical basis of classification (Const. 1908, art. 5, § 30; 3 Comp. Laws 1929, §§ 16215–16217).

4. SAME—JUSTICES OF THE PEACE—LOCAL ACTS—COMPENSATION.

Statute giving local legislative bodies right to pay additional compensation to justices of the peace in justices' courts theretofore created by local or special acts in which salaries of the respective justices were fixed and not changeable except by legislative action *held*, valid as general legislation since another general act had placed control over salaries of justices in courts not so created in the hands of local communities (Const. 1908, art. 5, § 30; Comp. Laws 1929, §§ 2264, 16215–16217).

5. MUNICIPAL CORPORATIONS—CHARTERS—AMENDMENT.

Home rule city charters may be amended by purely local action (1 Comp. Laws 1929, § 2257).

6. CONSTITUTIONAL LAW—CLASSIFICATION—JUSTICES OF THE PEACE—COMPENSATION.

Statute regulating compensation of justices in justices' courts theretofore created by local or special act *held*, not an unreasonable classification since it is presumed legislature did not expect justices' courts would thereafter be created by local or special acts (Const. 1908, art. 5, § 30; 3 Comp. Laws 1929, § 16215–16217).

7. SAME—STATUTES.
> Statute must be sustained as valid if it does not clearly abuse constitutional limitations.

Appeal from Oakland; Browne (Clarence M.), J., presiding. Submitted October 23, 1934. (Calendar No. 37,952.) Decided December 10, 1934.

Mandamus by H. Russell Holland to compel Seymour D. Adams, Robert Y. Moore and William H. Morley, as Oakland county board of auditors, Charles Sparks, Oakland county treasurer, and Lynn D. Allen, Oakland county clerk, to pay the amount of salary due plaintiff as justice of the peace. Writ granted. Defendants review by appeal in the nature of certiorari. Affirmed.

*George A. Cram,* for plaintiff.

*Arthur P. Bogue,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for defendants.

BUTZEL, J. Relator, H. Russell Holland, a justice of the peace of the city of Pontiac, brought mandamus proceedings to compel the board of auditors, county treasurer and county clerk of Oakland county, to pay his salary at the rate determined by the board of supervisors prior to his election to office. Act No. 398, Local Acts 1907, provides that on the first Monday of April, 1907, and every four years thereafter, one justice of the peace shall be elected for the city of Pontiac, for the term of four years, with duties the same as those of justices of the peace in the townships of the State; that he shall receive from the treasurer of Oakland county an annual salary of $1,500, payable in monthly instalments; that he shall be permitted to collect certain

fees for city of Pontiac cases, but that the amounts thereof shall be deducted from his salary after such amounts have been certified to the county clerk of Oakland county. Act No. 214, Pub. Acts 1917 (3 Comp. Laws 1929, §§ 16215–16217) provides that all justices of the peace in all justices' courts "heretofore" created by local or special acts, who receive salaries in lieu of fees, should, in addition to the salaries provided for in such acts, receive as additional compensation such amount as may be voted by the board of supervisors of the county, if the salary is paid by the county, or as may be voted by the majority of the members of the common council or other legislative body of the city, if the salary is paid by the city. The above act was never submitted to the electors of the city of Pontiac or county of Oakland.

On October 21, 1930, the board of supervisors voted an increase of salary to the justices of the peace, in accordance with the provisions of Act No. 214, *supra,* adopting the report of the board of county auditors, to whom the question of salaries had been referred. The salary of the justice was fixed at $5,100, and that of the part time justice, provided for under Act No. 211, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 3373–3378), at $2,900, for the year 1931. The report as adopted further stated:

"We recommend July 4, 1933, the justices be given $5,500 and $3,000."

At the April election of 1931, plaintiff was elected to the office of full time justice for a term of four years, commencing July 4, 1931. In the summer of 1933, the part time justice died, and the vacancy was not filled. Plaintiff has performed all the duties of the court since that date. For two years he received his salary in accordance with the resolution of the

board of supervisors adopted on October 21, 1930. However, on October 13, 1933, in conformance with a report submitted to them stating that it was neces-- sary for the county to make radical reductions, the board reduced the salary of the full time justice to $3,000 for 1934, and made no provision for a part time justice. Upon receiving only $125 for the first half of January, 1934, plaintiff instituted the present proceedings to compel the county to pay his salary at the rate of $5,500 per year, in accordance with the resolution adopted by the board of supervisors prior to his election to office. The trial judge granted mandamus and defendants appeal.

Many of the questions presented on appeal are controlled by *Gillespie* v. *Board of County Auditors of Oakland County,* 267 Mich. 483, in which we held that the constitutional prohibition against decrease of salary during term of office applied to all public officers having fixed terms and to all salary-fixing bodies. In that case we granted mandamus against the county to compel the payment of the salary fixed for the term of a judicial officer, in spite of defendants' claim of inability to pay. In the instant case relator is a constitutional officer, vested with a part of the judicial power of the State. Constitution, art. 7, § 15; *Attorney General* v. *Bolton,* 206 Mich. 403. His salary is paid by the county, and he has jurisdiction over county cases. There is no doubt but that he is a public officer, within the meaning of article 16, § 3, of the Constitution of this State, which precludes the county from changing his salary after his election.

Defendants, however, claim that Act No. 214, Pub. Acts 1917, *supra,* is a local act, and as such never became effective because not approved by a majority of the electors either of Oakland County or of the city of Pontiac, in accordance with article 5,

§ 30, of the Constitution of the State of Michigan. article 5, § 30, provides that:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act * * * shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

The title to Act No. 214, Pub. Acts 1917, is as follows:

"An act to provide for the fixing of salaries of justices of the peace in all justices' courts heretofore created by local or special acts of this State, who receive salaries in lieu of fees."

The act applies to all justices' courts heretofore created by special or local acts. If this be a reasonable and logical basis of classification, the act is not invalid as local legislation. *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich. 632; *Hayes* v. *Auditor General,* 184 Mich. 39; *Burton* v. *Koch,* 184 Mich. 250; *Kates* v. *Reading,* 254 Mich. 158. When Act No. 214, *supra,* was enacted, there were several justices' courts throughout the State created by local or special acts, in which the salary of the justice was fixed at an amount that could not be changed except by action of the legislature. The salaries varied under the respective acts. The control over salaries in those cases thus remained in the legislature. Act No. 214, Pub. Acts 1917, *supra,* sought to remedy this situation by placing the power to regulate salaries uniformly in the hands of the local authorities. It is claimed that the act was local in character, in that it applied only to justices' courts created by *local or special acts,* and for the further reason that it applied only

to such courts "heretofore" created. In answer to the first objection, it may be stated that it was unnecessary to extend the provisions of the act to courts not created by local or special act, inasmuch as the control over salaries of justices in such courts had already been placed in the hands of the local communities by Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1929, § 2264), which provided for the establishment of justices' courts by city charter, and which further provided that such justices' courts might be placed on a salary instead of on a fee basis by appropriate charter provision. City charters may be amended by purely local action. 1 Comp. Laws 1929, § 2257. Nor does the restriction of the act to courts *heretofore* created by local or special act constitute an unreasonable classification. It is very probable that at the time of the passage of the act the legislature presumed that justices' courts would not thereafter be created by local or special acts. If, however, it should subsequently become necessary to create a justices' court by local or special act, rather than by city charter or an amendment thereto, the legislature could accomplish the desired end by including therein the provisions of Act No. 214, Pub. Acts 1917, *supra*. The question whether the desired result might not have been better accomplished by the legislature in some other manner does not concern us. We do not pass upon the wisdom of the legislation. If it does not clearly abuse constitutional limitations, the law must be sustained. *Burton* v. *Koch, supra.* It may be noted in passing that by Act No. 109, Pub. Acts 1931, which took immediate effect on May 18, 1931, the legislature has amended the title and body of Act No. 214, Pub. Acts 1917, *supra,* so as to make it applicable to justices' courts both theretofore and thereafter created by special or local acts.

We believe that the classification contained in Act No. 214, Pub. Acts 1917, *supra,* was a reasonable one, germane to the purpose of the act, and did not make the act local in character. The act therefore became effective without submission to the electors.

The order issuing the writ is affirmed, but without costs, the question being a public one.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.