LOCAL 321, STATE, COUNTY & MUNICIPAL WORKERS OF
AMERICA *v.* CITY OF DEARBORN.

1. Constitutional Law—Separation of Powers.

    While the three great departments of government are to be
    separate there may be an occasional mixture of each with
    the others and a mutual dependency of each upon the others
    (Const. 1908, art. 4).

2. Same—Separation of Powers—Admixture.

    The three great departments of government, the legislative,
    executive and judicial, are to be kept separate unless there
    is express provision to the contrary in Constitution or charter
    (Const. 1908, art. 4).

3. Municipal Corporations—Charters—Civil Service—City Coun-
    cil—Constitutional Law.

    Municipal charter which requires action on part of an arm of
    the executive branch, the civil service board, and city council,
    the legislative body, to establish salary plan for city em-
    ployees, but leaves matter of making appropriation to the
    city council, did not contravene provisions of Constitution
    relative to division of powers of government (Const. 1908, art.
    4; Dearborn Charter [1943], §§ 8.13, 9.6).

4. Mandamus—Officers—Exercise of Discretion.

    Generally a writ of mandamus will not be granted to compel
    the exercise of a public official's discretion.

5. Costs—Public Question—Construction of Charter.

    No costs are allowed in mandamus proceeding involving a con-
    struction of city charter provisions affecting municipal civil
    service employees, a public question being involved (Dearborn
    Charter [1943], §§ 8.13, 9.6).

Appeal from Wayne; Murphy (George B.), J.
Submitted May 1, 1945.   (Calendar No. 42,790.)
Decided June 4, 1945.

Petition by Local 321, State, County and Municipal Workers of America, an unincorporated voluntary association, and others for a writ of mandamus to compel the City of Dearborn and certain of its officers to comply with a resolution passed by city council. Writ denied. Plaintiff reviews by appeal in the nature of certiorari. Affirmed.

*Walter S. Rae,* for plaintiffs.

*Dale H. Fillmore,* Corporation Counsel, for defendants.

*John J. Fish, amicus curiae.*

BUTZEL, J. Plaintiffs, as appellants, bring certiorari to review an order of the trial court denying mandamus in a suit brought by plaintiff association and two employees of the city of Dearborn, Michigan, acting both as individuals and also as officers of the association, for the purpose of compelling the city, its officers, and members of the civil service board of the city and its secretary to comply with a resolution adopted by the council of the city on March 2, 1943. The resolution ordered the controller to pay city employees specified sums in addition to their regular compensation for the balance of the fiscal year in order to cover the increased cost of living. The fiscal year of the city runs for 12 months from July 1st of each year. The resolution was adopted approximately three months prior to the end of the fiscal year, and without the consent or action of the city civil service board. Proper action was taken in the manner provided by the charter for the fiscal year beginning July 1, 1943, but this did not affect compensation for a previous period.

The main question presented herein is the legality of the resolution adopted by the council March 2, 1943, subsequent to January 5, 1943, the effective date of the city's new charter, which provided for a new method of fixing salaries and compensation. This differed from the procedure set forth in the former charter. Pertinent clauses of the new charter under which the city was operating on March 2, 1943, are as follows:

"Subject to the civil service provisions of this charter and subject to budget appropriations, the salaries and remuneration of subordinates and employees of the departments of the city government shall be set by the director of each respective department." Section 8.13, Charter.

"It shall be the duty of the civil service board:
*    *    *

"(5) As soon as practicable and in any case within six months after this charter takes effect, to prepare rules for carrying out the provisions of this charter. *  *  * Such rules shall provide for conducting, among others, the following phases of the personnel program: *  *  *
"(b) The preparation and maintenance of a salary plan for positions in the city service. *  *  *
"(7) To certify payrolls in the manner prescribed in this chapter.
"(8) To prepare, or cause to be prepared, a salary plan for the positions in the city service, together with regulations for the administration of such plan. This suggested plan shall be submitted by the civil service board to the city council for approval and shall, when adopted, constitute the official salary plan for positions in the city service." § 9.6, Charter.

The trial court held that plaintiffs were not entitled to mandamus. Appellants contend that the council's action was exclusively a legislative one and

that it did not require the concurrence of the civil service board or of the department heads. The effect of appellants' contention would be to hold for naught the quoted provisions of the charter. They contend that an executive or administrative department of the government may not interfere with the action of the legislative department notwithstanding express provisions of the charter to the contrary. It is unnecessary to discuss the axiomatic and elementary principles in regard to the separation of the governmental departments. They do not provide, however, that the administrative or executive departments may not act in conjunction with the legislative department if it is so expressly stated in the Constitution or the charter of the political unit governed thereby. The law is concisely stated in Story's Constitutional Law (4th Ed.), p. 380 *et seq.*, frequently quoted in many cases and cited in footnotes of their text:

"When we speak of a separation of the three great departments of government, and maintain that that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm that they must be kept wholly and entirely separate and distinct, and have no common link or dependence, the one upon the other, in the slightest degree. The true meaning is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution. This has been shown with great clearness and accuracy by the authors of the Federalist. It was obviously the view taken of the subject by Montesquieu and Blackstone in their commentaries; for they were each speaking with approbation of a constitution of government, which embraced this division of powers in a general

view; but which, at the same time, established an occasional mixture of each with the others, and a mutual dependency of each upon the others.  *  *  * (Continues, quoting Blackstone.*)

" 'It is highly necessary  *  *  * for preserving the balance of the Constitution, that the executive power should be a branch, though not the whole of the legislative. The total union of them, we have seen, would be productive of tyranny. The total disjunction of them, for the present, would, in the end, produce the same effects by causing that union, against which it seems to provide. The legislative would soon become tyrannical.'  *  *  * Indeed, there is not a single Constitution of any State in the Union, which does not practically embrace some acknowledgment of the maxim, and at the same time some admixture of powers constituting an exception to it.

"It would not, perhaps, be thought important to have dwelt on this subject, if originally it had not been made a special objection to the Constitution of the United States, that though it professed to be founded upon a division of the legislative, executive, and judicial departments, yet it was really chargeable with a departure from the doctrine by accumulating in some instances the different powers in the same hands, and by a mixture of them in others; so that it, in effect, subverted the maxim, and could not be dangerous to the public liberty.  *  *  * If the objection were well founded, it would apply with equal, and in some cases with far greater, force to most of our State Constitutions; and thus the people would be proved their own worst enemies.''

The above is quoted with approval, particularly the first paragraph, in: *Village of Saratoga Springs* v. *Saratoga Gas, Electric Light & Power Co.,* 191 N. Y. 123 (83 N. E. 693, 18 L. R. A. [N. S.] 713,

---

* 1 Blackstone Commentaries, 154—REPORTER.

14 Ann. Cas. 606) ; *Winchester & Strasburg R. Co.* v. *Commonwealth,* 106 Va. 264 (55 S. E. 692). In cases relied on by appellant, there is the exception that the departments shall be kept separate unless there is express provision to the contrary in the Constitution* or charter. *Wood* v. *State. Administrative Board,* 255 Mich. 220. Such exception in unambiguous language appears in the 1943 charter of the city of Dearborn.

In *Fountain* v. *Mayor, etc., of Jackson,* 50 Mich. 15, the charter provided that the compensation should be fixed by the board and approved by the council. The council assumed to fix plaintiff's salary without it having been previously approved by the board of public works. We held that the council had acted beyond its power and it remained for the board of public works to fix the salary subject to the approval of the common council. In *Saginaw City Council* v. *Saginaw Board of Estimates,* 256 Mich. 624, we again held that the board of estimates had power to reduce estimates of council for salaries of officers, notwithstanding a provision in the charter that the salaries were to be fixed by the council.

It is unnecessary to discuss the worthy purposes of a civil service board or commission. The city council makes the appropriations. It thus retains its legislative means of control over the compensation to be paid. We find nothing unconstitutional or improper in the provisions of the charter.

We have discussed the question not only for the purpose of avoiding a multiplicity of suits at law but also to show that in any event where a question existed as to an official's legal duty in connection with the performance of an act, as a rule a writ of mandamus will not be granted to compel the exercise of such official's discretion. *Rupert* v. *Van Buren*

* See Const. 1908, art, 4.—Reporter.

*County Clerk,* 290 Mich. 180; *Solo* v. *City of Detroit,* 303 Mich. 672.  Mandamus was properly refused. In view of our decision, other questions raised need not be considered.

The order of the trial judge in refusing mandamus is affirmed but without costs, a public question being involved.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.