McCARTHY v. THOMAS TOWNSHIP BOARD.

1. Intoxicating Liquors—License for Consumption on Premises
   —Approval of Local Legislative Body.
   An application for license to sell liquor for consumption on
   the premises located within a township must be approved
   by the township board before issuance of license by the
   liquor control commission (Act No. 8, § 17, Pub. Acts 1933
   [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

2. Same—Licenses—Approval of Application by Local Legisla-
   tive Body.
   The action of a township board in the matter of passing upon
   applications for licenses to sell intoxicating liquors for
   consumption on and off the premises is not subject to re-
   view by a court (Act No. 8, § 17, Pub. Acts 1933 [Ex. Sess.],
   as amended by Act No. 281, Pub. Acts 1937).

3. Mandamus—Motion to Dismiss.
   A motion to dismiss a petition for mandamus on the ground
   that the court has not jurisdiction of the subject matter
   of the action need not be supported by affidavits where the
   defect appears on the face of the petition (Court Rule No.
   18, § 1 [1945]).

4. Same—Township   Board—Courts—Jurisdiction—Intoxicating
   Liquors.
   Motion to strike township board's motion to dismiss petition
   for writ of mandamus to compel it to approve licenses to

References for Points in Headnotes
[1] 30 Am. Jur., Intoxicating Liquors, §§ 113, 120.
[1] Power or discretion of local authorities under statute requir-
    ing their approval of application for liquor license before is-
    suance of license by State board, or providing for issuance of
    a local license to one holding license from State board.   132
    A.L.R. 1235.
[2] 30 Am. Jur, Intoxicating Liquors, § 125.
[3, 4] 34 Am. Jur., Mandamus, § 186.
[4] 30 Am. Jur., Intoxicating Liquors, §§ 121, 122.

sell liquor for consumption on the premises and to operate as specially designated merchant was improperly granted since the court has no jurisdiction to compel the township board to approve such licenses (Act No. 8, § 17, Pub. Acts 1933 [Ex Sess.], as amended by Act No. 281, Pub. Acts 1937).

Appeal from Saginaw; O'Neill (James E.), J. Submitted March 1, 1949. (Calendar No. 44,233.) Decided April 11, 1949.

Petition by William P. McCarthy for writ of mandamus to compel Thomas Leaman and others, individually and as Township Board of Thomas Township, to approve plaintiff's application for liquor license. Writ granted. Defendants appeal. Reversed.

*Robert R. Day*, for plaintiff.

*Walter Martin*, for defendants.

BUSHNELL, J. This is an appeal in the nature of certiorari from a writ of mandamus, in which defendants, individually and as the township board of Thomas township, Saginaw county, and the township clerk were directed to—"indorse and execute the written approval of the township board  *  *  * on the class 'C' and 'SDM' liquor license application blanks of William P. McCarthy," plaintiff herein.

For about 11 years prior to the destruction of his place of business by fire on November 12, 1947, McCarthy operated a licensed tavern in Thomas township. In his petition for mandamus he charged that certain members of the township board entered into a conspiracy with other parties to "injure, cheat and defraud" him, and prevent him from obtaining a renewal of his license.

No testimony was taken. The court granted plaintiff's motion to strike defendants' answer and motion to dismiss. The court denied defendants the right to file an amended answer. Defendants' answer was stricken because it was not verified, and their motion to dismiss, because it was not supported by affidavits. The court then determined, on the face of the pleadings and notwithstanding *Scott v. Township Board of Arcada Township,* 268 Mich. 170, that the writ of mandamus should issue.

Section 1 of Court Rule No. 18 (1945) reads as follows:

"Defendant may, within the time for pleading, file a motion to dismiss the action or suit, where any of the following defects appear on the face of the declaration or bill of complaint, and he may, within the same time, file a similar motion supported by affidavits where any of the said following defects do not appear upon the face of the declaration or bill of complaint.  *  *  *

"(b) That the court has not jurisdiction of the subject matter of the action or suit."

Defendants' motion to dismiss was based upon the contention that the board's power in the premises "was absolute," and the trial court "has no authority" over the subject matter. In the *Scott Case* this Court said:

"The legislature provided in no uncertain terms that plaintiff's application for a license must be approved by the defendant board.* It contains no direction or guide to the board and no definite rule by which it shall be governed in its action in approving or declining to do so.  *  *  *

---

* See Act No. 8, § 17, Pub. Acts 1933 (Ex. Sess), as amended by Act No. 281, Pub. Acts 1937 (3 Comp. Laws 1948, § 436.17 [Comp. Laws Supp. 1940, § 9209–32, Stat. Ann. 1947 Cum. Supp. § 18.988]). —REPORTER.

"As already stated, the people of this State have for many years been impressed with the evils resulting from the intemperate use of alcoholic beverages, and under the law no person can engage in the sale thereof without a license to do so. There is a clear distinction between the discretion which may be exercised in relation to a business thus conducted and one lawful in its purpose and the carrying on of which creates a property interest or vested right in the person engaged in it.

"The discretion to be exercised by the board under this statute in acting upon the application here made means the power or right to act officially according to what appears to it to be just and proper under the circumstances, and action so taken by it is not subject to review by a court."

Court Rule No. 18 does not require, in the light of the *Scott Case*, that defendants' motion to dismiss be supported by affidavits, because it thus appears on the face of the petition that the court has no jurisdiction in the premises by way of mandamus.

"We cannot avoid some doubt whether extraneous considerations may not have entered into this action; but we have no power to grant a *mandamus,* unless it clearly appears that there has been a violation of legal right, which we cannot, on a record such as this is, decide against the return, when facts are in dispute. If there has been wrong purpose or misrepresentation, whatever other remedy may exist against the wrong-doers, this is not open to redress on this hearing." *Post* v. *Township Board of Sparta,* 63 Mich. 323.

See, also, authorities collected in *McLeod* v. *State Board of Canvassers,* 304 Mich. 120, at page 125.

The trial court erred in granting plaintiff's motion to strike defendants' motion to dismiss and in not ruling favorably thereon.

The writ of mandamus issued by the trial court should be vacated. The cause is remanded with di-

rections to vacate the same, to set aside the order striking defendants' motion to dismiss, and to enter an order dismissing plaintiff's petition.   Costs to appellants.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.