TOWNSHIP OF DEARBORN *v.* DEAR-
BORN TOWNSHIP CLERK.

1. JUSTICES OF THE PEACE—JUDICIAL POWER.
   Judicial power is vested in justices of the peace as well as in
   the higher courts (Const 1908, art 7).

2. STATUTES—CONSTRUCTION.
   A statute must be construed with the deference due to a de-
   liberate action of a co-ordinate branch of the State gov-
   ernment and if it does not violate any of the provisions of
   the Constitution, the Supreme Court may not inquire into
   the wisdom of the legislation or substitute its judgment for
   that of the legislature.

3. SAME—CONSTITUTIONAL LAW.
   The conflict between a statute and a provision of the Consti-
   tution must be clear and inevitable before the statute may
   be declared unconstitutional.

4. SAME—SUBSEQUENT REVISION OF CONSTITUTION.
   A statute which is repugnant to the Constitution would not
   remain in force merely because enacted prior to the adop-
   tion of a revised Constitution (Const 1850, sched § 1; Const
   1908, sched § 1).

5. SAME—CONSTITUTIONAL LAW—MEMBERSHIP IN TOWNSHIP BOARD—
   OFFICERS.
   Provision in schedule of Constitution continuing officers in

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 14] 31 Am Jur, Justices of the Peace § 2.
[2] 50 Am Jur, Statutes §§ 223, 228, 378, 380.
[3] 11 Am Jur, Constitutional Law §§ 91, 92, 128.
[6] 11 Am Jur, Constitutional Law § 88; 50 Am Jur, Statutes
    §§ 442, 443.
[6–8, 17] 11 Am Jur, Constitutional Law §§ 81–83.
[10] 11 Am Jur, Constitutional Law § 180.
[12] 52 Am Jur, Towns and Townships § 24.
[20] 31 Am Jur, Justices of the Peace §§ 33, 34.
[20, 21] 52 Am Jur, Towns and Townships § 22.
[25] 14 Am Jur, Costs § 91.

their respective offices until superseded under laws in force at time of adoption of Constitution or under the Constitution is inapplicable so as to continue membership in township board as provided by statute enacted before Constitution was adopted (Const 1908, sched § 5).

6. SAME—AMBIGUITY—LONG ACQUIESCENCE.
Long acquiescence in a certain interpretation may be binding in the case of a statute containing an ambiguity but cannot prevail over the plain language of the Constitution.

7. CONSTITUTIONAL LAW—USURPATION OF POWER.
Repetition of error does not correct it and acquiescence for a very long time cannot legalize a clear usurpation of power.

8. JUSTICES OF THE PEACE—TOWNSHIP BOARDS.
The fact that justices of the peace have acted as *de facto* members of township boards over a century does not make them members *de jure* (Const 1908, art 4; CL 1948, § 41.70, as amended by PA 1949, No 9).

9. SAME—STATUTES—CONSTITUTIONAL LAW—TOWNSHIP BOARDS.
Statute constituting justices of the peace, who are vested with judicial power by the Constitution, as members of township boards, vested by the Constitution with legislative and administrative powers, contravenes provision of the Constitution prohibiting a person belonging to one department of government from exercising powers properly belonging to another (Const 1908, art 4, § 2; art 7, § 1; art 8, § 17; CL 1948, § 41.70, as amended by PA 1949, No 9).

10. CONSTITUTIONAL LAW—DIVISION OF POWERS OF GOVERNMENT.
The apportionment of power to one department of government is understood to be a prohibition of its exercise by either of the others, the keeping of the 3 great branches of government strictly separate and distinct from each other being essential to the maintenance of a republican form of government (US Const, art 4, § 4; Mich Const 1908, art 4).

11. TOWNSHIPS—TOWNSHIP BOARD—CONSTITUTIONAL LAW—STATUTES.
The existence of a township board implies it will be given powers by other statutes, hence, it is proper for Supreme Court to consider the constitutionality of statute establishing the board possessing certain powers of a township as authorized by the Constitution (Const 1908, art 8, § 17; CL 1948, § 41.70, as amended by PA 1949, No 9).

12. SAME—TOWNSHIP BOARD—LEGISLATIVE POWER.

A township board has special and limited jurisdiction as conferred by the legislature pursuant to permission contained in the Constitution and insofar as the legislature has conferred upon it legislative powers, it is a legislative body (Const 1908, art 8, § 17).

13. SAME—TOWNSHIP BOARD—CHARACTER OF DUTIES—JUSTICES OF THE PEACE.

The township board possesses no judicial duties, all of its duties being legislative or administrative in character, duties which the justices of the peace, being judicial officers, may not exercise (Const 1908, art 7; art 8, § 17).

14. JUSTICES OF THE PEACE—JUDICIAL POWER—CRIMINAL CASES.

A justice of the peace is vested with part of the judicial power of the State and in exercising such powers in criminal cases represents the State rather than the township.

15. SAME—JUDICIAL POWER—CONSERVATOR OF THE PEACE.

The judicial power conferred upon justices of the peace is in no manner reduced or modified by virtue of their constitutional appointment as conservators of the peace (Const 1908, art 7, §§ 1, 18).

16. SAME—CONSTITUTIONAL LAW—EJUSDEM GENERIS.

Provision of Constitution setting forth certain judicial duties of the justices of the peace and authorizing the imposition of "such duties as shall be prescribed by law" requires the application of the rule *ejusdem generis,* since by the specific mention of judicial duties, other types of duties not mentioned are excluded (Const 1908, art 7, § 16).

17. CONSTITUTIONAL LAW—CONSTRUCTION—CUSTOMS AND USAGES.

The plain provisions of the Constitution are paramount, notwithstanding there may be a long standing and previously existing custom which violates such provisions.

18. STATUTES—AMBIGUITY—OFFICERS—SEPARATION OF POWERS.

The doubt existing in an ambiguous statute creating duties for public officers is resolved in favor of the traditional separation of powers (Const 1908, art 4).

19. CONSTITUTIONAL LAW—SEPARATION OF POWERS—LOCAL GOVERNMENT.

The doctrine of absolute separation of the 3 great powers of government is adhered to in this State so far as local government is concerned, except as provided by Constitution

or in the charter of the political unit in question (Const 1908, art 4).

20. TOWNSHIPS—JUSTICES OF THE PEACE—LEGISLATURE—CONSTITUTIONAL LAW.

The organization of the township and that of the office of justice of the peace are directly under the purview of the legislature and the Constitution of the State and are subject to the provisions of the latter.

21. SAME—CONSTITUTIONAL LAW.

Individual townships are given no power over the structure of their own government but may exercise only such legislative power as is delegated to them subject to the provisions of the State Constitution.

22. SAME—TOWNSHIP BOARD—JUSTICES OF THE PEACE—CONSTITUTIONAL LAW.

There is no affirmative requirement of the Constitution that justices of the peace act on the township board, hence, since they are judicial officers they may not participate in the exercise of the legislative or administrative functions of that board (Const 1908, art 4; art 7, § 1; art 8, § 17; CL 1948, § 41.70, as amended by PA 1949, No 9).

23. SAME—TOWNSHIP BOARD—JUSTICES OF THE PEACE—SEPARATION OF POWERS.

Statute, insofar as it makes justices of the peace members of the township board, is unconstitutional, there being no basis for the application of the "modified" or "limited" doctrine of separation of powers so far as township government is concerned (Const 1908, art 4; art 8, § 17; CL 1948, § 41.70, as amended by PA 1949, No 9).

24. SAME—TOWNSHIP BOARD—MEMBERSHIP.

The only legal members of the township board are the supervisor, the township clerk and the township treasurer (Const 1908, art 4; art 7, § 1; art 8, § 17; CL 1948, § 41.70, as amended by PA 1949, No 9).

25. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTE.

No costs are allowed in suit for declaration of rights involving validity of a long standing statute, where a public question is presented (CL 1948, § 41.70, as amended by PA 1949, No 9).

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 5, 1952. (Docket No. 36, Calendar No. 45,485.) Decided October 6, 1952.

Bill by Township of Dearborn against Glenn E. Dail, township clerk of Dearborn township, for declaratory decree that township board is composed of 7 members. Decree that it is comprised of township supervisor, clerk, and treasurer. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Jesse W. Bollinger,* for plaintiff.

*Marx & Fewlass,* for defendant.

*Amici Curiae:*

*Gerald K. O'Brien,* Prosecuting Attorney, *Hobart Taylor, Jr., Philip A. McHugh* and *Aloysius J. Suchy,* Assistant Prosecuting Attorneys.

Township of Nankin, by *John J. Nellis,* Township Attorney.

Township of Taylor, by *Russel J. Comer,* Township Attorney.

Townships of Sumpter and Brownstown, by *Fred B. Hill,* Township Attorney.

*Elton R. Nellis,* of counsel.

BUTZEL, J. Revised Statutes of 1846, ch 16, § 70, provided that the supervisor, 2 justices of the peace and the township clerk of each organized Michigan township should constitute its township board, 3 of its 4 members constituting a quorum. PA 1935, No 19, and PA 1937, No 81, amended section 70

of chapter 16 of the Revised Statutes of 1846, so as to provide that in townships of under 5,000 population there was to be a 5-member board, consisting of the supervisor, the 2 justices of the peace whose terms of office "will soonest expire," the township treasurer and the township clerk, 3 of whom should constitute a quorum; and that in townships having a population of 5,000 or over according to the last Federal census there was to be a 7-man board, consisting of the supervisor, the township treasurer, the township clerk and 4 justices of the peace, any 4 of whom should constitute a quorum. The provisions for a 7-man board were conditioned, however, upon the electors of the township adopting the provisions of section 70, *supra*, by a majority vote at any annual town meeting. Section 70, *supra*, as amended, is set forth in CL 1948, § 41.70 (Stat Ann 1951 Cum Supp § 5.62). There were further amendments to clarify the population provisions of the act but they are not material here. PA 1945, No 23; PA 1949, No 9. For brevity, we refer to the amended act as section 70, *supra*. For over 100 years justices of the peace have been members of the township board. Statutes relating to the powers and duties of township boards in regard to procuring standards of weights and measures, prohibiting sales of liquor to certain persons, granting licenses to tavern keepers, licensing public exhibitions, et cetera, are listed in the index of the Revised Statutes of 1846. The township board since 1846 has been expressly given certain legislative and administrative powers.

Prior to 1947 Dearborn township, plaintiff herein, had been organized with a 5-man board but at an annual meeting of the electors held on April 7, 1947, the township was brought under the provisions of the amendment applicable to townships having 5,000 population or over, the Federal census of 1940

having indicated a population far in excess of 5,000. The township operated under a 7-man board until the annual meeting of the electors on April 2, 1951, at which time the electors purported to rescind their action taken in 1947 and to reestablish a 5-man board. The reason given at the time was that the 7-man board gave the majority control to the 4 justices of the peace. Defendant township clerk thereafter recognized only the votes of the 2 justices of the peace "whose term would soonest expire." Plaintiff, claiming that the resolution restoring the 5-man board was ineffective for various reasons, brought a bill for declaratory judgment, asking that defendant be required to record all 4 votes of the justices. On motion for entry of a judgment on pleadings the trial court held for defendant, on the ground that the Constitution forbade the legislature from giving legislative power to judicial officers, namely, justices of the peace, and thus neither 2 nor 4 justices of the peace could be members of a township board. Other questions were raised but we believe the over-all question is the constitutionality of section 70, *supra,* in constituting justices of the peace members of the township board, a legislative body.

More specifically stated, defendant contends that section 70, *supra,* providing that justices of the peace be members of either a 5-man or a 7-man board, violates article 4, §§ 1 and 2, of the Michigan Constitution, which divides the State government into 3 departments: The legislative, the executive and the judicial, and forbids any person belonging to one department from exercising powers properly belonging to any other except in cases expressly provided for in the Constitution. The judicial power, by article 7 of the Constitution, is vested in justices of the peace as well as in the higher courts. If defendant is correct in his contention that section 70, *supra,* is unconstitutional insofar as it makes

justices of the peace members of township boards, we need not discuss other questions raised.

In coming to our conclusions, we are mindful of the restrictions upon the power of this Court to declare a challenged statute in conflict with our Constitution. It is too well settled to require citation that a statute must be treated with the deference due to a deliberate action of a co-ordinate branch of our State government. If the legislature enacted a statute which does not violate the provisions of the Constitution, this Court may not inquire into the wisdom of the legislation or substitute its judgment for that of the legislature. The conflict between the statute and constitutional provisions must be clear and inevitable before we strike down a statute as unconstitutional.

Plaintiff, in attempting to uphold the constitutionality of section 70, *supra,* relies on section 1 under the schedule appended to the Constitution of 1908, which provides as follows:

"The common law and the statute laws now in force, not *repugnant* to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed." (Italics ours.)

He also cites a similar provision appended to the Constitution of 1850,* and contends that by reason of such provisions the constitutionality of section 70, *supra,* in effect at the time of the constitutional revisions, was affirmed. An examination of the quoted language of section 1, however, shows that a statute which was indeed "repugnant" to the provisions of the Constitution would not be embraced in this section. We find that the reenactment of such statute has no determinative effect here other than as further proof of the long period in which it has been in effect without challenge. Section 5

* See Const 1850, sched § 1.—REPORTER.

of the schedule appended to the Constitution refers to "officers" and not to "offices" and is not relevant here.

Our reluctance to overturn an action of the legislature increases when we are confronted by an enactment of such ancient vintage. For over 100 years justices of the peace have sat upon township boards within the State of Michigan without any question being raised as to their eligibility. If we were confronted with a matter of construction of a statute containing some claimed ambiguity or with a mere technical objection, long acquiescence in a certain interpretation of such statute might be binding on us. But neither contemporaneous construction nor long acquiescence can prevail over the plain language of the Constitution when the constitutional question is presented to us for the first time. Repetition of error does not correct it nor can acquiescence for a very long time legalize a clear usurpation of power. The fact that justices of the peace have acted as *de facto* members of township boards over the years does not make them members *de jure*.

Additional constitutional provisions which may be pertinent in considering the instant problem are as follows:

Article 8 of the Michigan Constitution of 1908, entitled "Townships, Local Legislation," states:

"Sec. 17. The legislature may by general law confer upon organized townships such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper."

The Constitution makes no provision for any other agency to be vested with the powers mentioned in section 17, *supra,* but they are vested by various statutes in the township board.

It is apparent that section 70, *supra*, attempts to vest justices of the peace, officers possessing judicial power by virtue of article 7, § 1, with legislative and administrative power given to the township governing bodies thereof under article 8, § 17. On its face, therefore, section 70, *supra*, to the extent that it constitutes justices of the peace members of the township board is a violation of article 4, § 2, which provides that no person belonging to one department shall exercise the powers properly belonging to another.

In many decisions this Court has upheld and jealously guarded the right to keep distinctly separate one department from another. The doctrine of strict separation was early set forth by Mr. Justice COOLEY in *People, ex rel. Sutherland,* v. *Governor,* 29 Mich 320 (18 Am Rep 89). In holding that the apportionment of powers to one of the 3 co-ordinate branches is a prohibition of its exercise by either of the other departments, he said:

"Our government is one whose powers have been carefully apportioned between 3 distinct departments, which emanate alike from the people, have their powers alike limited and defined by the Constitution, are of equal dignity, and within their respective spheres of action equally independent. One makes the laws, another applies the laws in contested cases, while the third must see that the laws are executed. This division is accepted as a necessity in all free governments, and the very apportionment of power to one department is understood to be a prohibition of its exercise by either of the others. The executive is forbidden to exercise judicial power by the same implication which forbids the courts to take upon themselves his duties."

In other decisions we have reaffirmed that doctrine and applied it to a variety of situations. We have struck down attempts by the legislature to give

nonjudicial power to courts (*Houseman* v. *Kent Circuit Judge,* 58 Mich 364; *Nichols* v. *Judge of Superior Court of Grand Rapids,* 130 Mich 187; *Anway* v. *Grand Rapids Railway Co.,* 211 Mich 592 [12 ALR 26]). We forbade any attempt by the legislature to restrict judicial powers or qualifications (*People* v. *McMurchy,* 249 Mich 147; *Attorney General, ex rel. Cook,* v. *O'Neill,* 280 Mich 649). In *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich 659, we reaffirmed the doctrine that the courts cannot legislate under the guise of the examination of the validity of a law. In *Wood* v. *State Administrative Board,* 255 Mich 220; and *Civil Service Commission* v. *Auditor General,* 302 Mich 673, we emphasized that the legislative and the executive could not encroach upon each other's powers. For other statements of the general rule see *Cooke* v. *Holland Furnace Co.,* 200 Mich 192 (LRA1918E, 552), and *Local 321, State, County & Municipal Workers of America* v. *City of Dearborn,* 311 Mich 674.

That the rule favoring strict separation of powers prevails throughout the United States need merely be mentioned in passing. From the time of the Federalist papers, the United States supreme court and other United States jurisdictions have reaffirmed that keeping the 3 great branches of government separate and distinct from each other is essential to the maintenance of a republican form of government.* This principle has become axiomatic.

Plaintiff, admitting that the doctrine of strict separation of powers will be applied in Michigan, contends that the instant case is not a proper one for the application of such a doctrine, for several reasons: *First,* that the township board is not a legislative body and is not given legislative powers by the statute in question; *Second,* that the justice

* See US Const, art 4, § 4.—REPORTER.

of the peace is not only a judicial officer but is permitted under a proper interpretation of the Michigan Constitution to exercise extrajudicial functions; and, *Third,* that the modified or limited doctrine of separation of powers should instead be applied here in the consideration of a problem of local government.

Plaintiff contends that the statute in question merely creates the township board but gives it no powers and it cannot therefore be said to be a legislative body to which powers were illegally delegated, and that its constitutionality must be determined solely from the particular statutory provisions sought to be held unconstitutional. Plaintiff's argument, although ingenious, does not reach the root of the problem. Under his reasoning every statute enacted conferring power on township boards would have to be individually declared unconstitutional on the ground that the board itself was an illegally constituted body; whereas in reality unconstitutionality finds its roots in the very composition of the board. It is true that only by additional or supplemental statutes are the powers vested in the township board, which the Constitution (article 8, § 17) authorizes the legislature to vest in the township. The very existence of the township board, however, implies that it will be given powers by other statutes. We cannot presume that the legislature would do a useless thing. We find that the legislature contemplated the establishment of a body possessing certain powers of a township authorized under article 8, § 17, when it set forth the composition of the township board and that it is proper for us to consider the constitutionality of section 70 in that light.

Plaintiff further contends that the township board is not a basic legislative body and as such does not constitute a legislative body whose power would be

illegally delegated to a constitutional judicial officer, as it has no real basic legislative power to delegate but is more a special, semiministerial body.

It is true that the township board was held, in *People, ex rel. Le Roy,* v. *Hurlbut,* 24 Mich 44 (9 Am Rep 103), and *Hanslovsky* v. *Township of Leland,* 281 Mich 652, to be a board of special and limited jurisdiction. It has no power or authority by constitutional mandate; it derives its sole authority from the legislature, which is authorized to delegate certain powers to the township by the Constitution. *People, ex rel. Le Roy,* v. *Hurlbut, supra,* however, did not hold that a township board is not a legislative body but that the legislature may delegate any or none of its legislative power to a township board; that only as to such powers as are delegated can the township board exercise legislative power. The township board, possessing certain powers originally given to the legislature by the Constitution and properly delegated to the township board, is a legislative body to that extent.

In considering PA 1933 (Ex Sess), No 8,* relating to the liquor control commission, and particularly the provision therein to the effect that applications for the sale of intoxicants should be approved by the local legislative body, we held that the township board was the local legislative body of the township. *Scott* v. *Arcadia Township Board,* 268 Mich 170. Also, see *McCarthy* v. *Thomas Township Board,* 324 Mich 293. Further evidence as to the fact that the township board possesses legislative powers appears when we examine the statutes prescribing its powers and duties. Among others, CL 1948, § 41.201 (Stat Ann § 5.191), provides that a township board may employ a traffic officer and fix his compensation. CL 1948, § 41.444 (Stat Ann § 5.274),

---

* See CL 1948, § 436.1 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 18.971 *et seq.*).—REPORTER.

provides 'that the township board shall pass on the budget of the township park commission. CL 1948, § 125.281, (Stat Ann 1949 Rev § 5.2963 [11]), provides that the township board shall vote on the adoption of a zoning ordinance to be submitted to the electors and provide a penalty for violation. It may also (CL 1948, §125.351 [Stat Ann 1949 Rev § 5.2973 (1)]) provide by ordinance for the uniform construction of buildings and fix the penalty for violation. The township board possesses no judicial duties; all of its duties are legislative or administrative in character.

We agree with defendant that the township board can in no sense be held to have any connection with the judicial department of the government and that it is vested with legislative, as well as certain administrative, powers which justices of the peace as judicial officers by the constitutional provisions hereinbefore referred to, may not exercise.

Article 7 of the Michigan Constitution provides in section 1 that the judicial powers of the State shall vest in the Supreme Court, circuit. courts, probate courts, justices of the peace, and such other courts as the legislature may establish. Section 15 provides for the election in each organized township of 4 justices of the peace to serve for 4 years. Section 16 defines their jurisdiction, and section 18 provides that justices of the Supreme Court, circuit judges and justices of the peace shall be conservators of the peace within their respective jurisdictions. In interpreting these provisions, we have held that the justice of the peace is vested with part of the judicial power of the State (*Holland* v. *Adams,* 269 Mich 371; *In re Sanderson,* 289 Mich 165) and in exercising his judicial powers in criminal cases he represents the State rather than the township (*People, ex rel. Royce,* v. *Goodwin,* 22 Mich 496; *Faulks* v. *People,* 39 Mich 200 (33 Am Rep 374); *People* v.

*De Meaux,* 194 Mich 18). We have also held that. the judicial power conferred upon justices of the peace was in no manner reduced or modified by virtue of their constitutional appointment as conservators of the peace (*In re Sanderson, supra; In re Slattery,* 310 Mich 458). Unquestionably justices of the peace belong to the judicial department of the government.

Plaintiff contends, however, that in addition to their judicial duties, justices of the peace in Michigan may exercise other functions, among which are the duties vested in them by reason of their membership on township boards. He relies on section 16 which, after providing for the civil jurisdiction of justices, states:

"They shall also have such criminal jurisdiction and perform such duties as shall be prescribed by law."

What was meant by "such duties?"

Defendant contends that the wording of section 16 extends only to additional judicial duties. That such duties exist is indicated by *O'Connell* v. *Menominee Bay Shore Lumber Co.,* 113 Mich 124, in which it was held permissible to give justices additional jurisdiction in certain trespass and conversion cases under the authority of section 16; and by *Village of Paw Paw* v. *Flook,* 214 Mich 486, in which it was held permissible to give justices the responsibility of summoning a jury in condemnation proceedings. There being other judicial duties not enumerated in section 16, it appears that the rule of *ejusdem generis* applies inasmuch as judicial duties are specifically mentioned and such inclusion by specific mention thereof excludes other types of duties not mentioned. See *Michigan Wolverine Student Co-Operative, Inc.,* v. *Wm. Goodyear & Co.,* 314 Mich 590. This is not a case where the

specific words which precede a general term embrace all objects of their class and the rule of *ejusdem generis* is held not to apply in order that the general term may be given a meaning differing from specific words, as was true in *Utica State Savings Bank* v. *Village of Oak Park,* 279 Mich 568.

Notwithstanding the written provisions of the Constitution and statutes, plaintiff contends that the history of the office of justice of the peace in Michigan and the other States of the United States shows that they have traditionally had other than merely judicial powers. He cites the laws of the Northwest Territory which gave the justices of the peace numerous nonjudicial powers, among which were the participation in township organization, and *People, ex rel. Le Roy,* v. *Hurlbut, supra,* in which it was stated:

"The Constitution has been adopted in view of a system of local government, well understood and tolerably uniform in character, existing from the very earliest settlement of the country, never for a moment suspended or displaced, and the continued existence of which it is assumed."

However, the plain provisions of the Constitution are paramount, notwithstanding a custom which violates such provisions.

We are asked to look into the history of the Northwest Territory and other governments preceding or coexisting with our own. We do not believe such consideration can be controlling in the face of our own Constitution which limits the justices of the peace to judicial duties. That justices of the peace are also made conservators of the peace by article 7, § 18 of the Constitution, does not constitute the granting of nonjudicial authority to justices, but merely imposes upon them a function possessed by all judicial officers of the State of Michigan and is

limited to the constitutional power thus expressly given.

In *Robertson* v. *Baxter*, 57 Mich 127, we held:

"It has always been understood that in providing, as it does, for the organization and incorporation of townships, the Constitution dealt with them as recognized and ancient municipal bodies, the substantial character of which was intended to be perpetuated."

It is worthy of note, however, that the holding of the *Robertson Case* was concerned with an attempt of a township to extend its authority over drains without its jurisdiction and this Court held that the township jurisdiction had been limited traditionally to within its territorial limits. This Court did not concern itself with the question of separation of powers upon which there had been a clear constitutional mandate.

Plaintiff relies heavily on *State, ex rel. Patterson*, v. *Bates*, 96 Minn 110 (104 NW 709, 113 Am St Rep 612). Minnesota has adopted the theory that when duties of an ambiguous character are imposed upon a judicial officer any doubt will be resolved in favor of the validity of the statute creating such duties. However, the rule in Michigan is stated in *Civil Service Commission* v. *Auditor General*, 302 Mich 673, as follows:

"If there is any ambiguity the doubt should be resolved in favor of the traditional separation of governmental powers."

An examination of the history of Michigan Constitutional Debates is a clear indication that in Michigan the justices of the peace were intended to have judicial powers only. The 1835 Constitution did not clearly define the powers of justices, but in 1850 a proposal that the justices be made a part of the

township government was rejected by the Constitutional Convention. The proposed section had provided:

"There shall be elected annually on the first Monday of April, in each organized township, one supervisor, one township clerk, who shall be ex officio school inspector, one commissioner of highways, one township treasurer, one school inspector, not exceeding 4 constables and 1 overseer of highways for each highway district, in whom together with the justices of the peace shall be vested the township government to be defined and limited by the legislature."

The final provision, which was substantially carried over into the 1908 Constitution (article 8, § 18), omitted all references to the justices. That, in the face of such rejection, section 70, *supra*, was allowed to remain on the statute books in its present form, we can only attribute to inadvertence and possibly to the fact that up to the present time it did not become a subject of serious controversy. The question is squarely presented to us in the instant case.

. We have held that the township board exercised legislative as well as ministerial and local functions. However, if we had held that the township board exercises only ministerial or administrative functions, we would conclude that it would not be permissible for a justice of the peace to serve thereon, as under Michigan law a justice of the peace is solely a judicial officer, with the same status as other constitutional judicial officers. *Local 170, Transport Workers Union of America,* v. *Genesee Circuit Judge,* 322 Mich 332.

· The theory of the "modified" or "limited" doctrine of the separation of the powers of government was stated in Story's Constitutional Law (4th ed), p 380 *et seq.,* and quoted in *Local 321, State, County & Municipal Workers of America* v. *City of Dearborn, supra,* as follows (at p 677):

"When we speak of a separation of the 3 great departments of government, and maintain that that separation is indispensable to public liberty, we are to understand this maxim in a *limited sense.* It is not meant to affirm that they must be kept wholly and entirely separate and distinct."

Plaintiff cites authority holding that the "modified" or "limited" view will find particular application to the local level of government, but we note that plaintiff has cited no Michigan cases to such effect. Indeed, as we have noted, this Court has rigidly stated the doctrine of absolute separation of powers on numerous occasions.

It is claimed that *Local 321, State, County & Municipal Workers of America* v. *City of Dearborn, supra,* is an exception but an examination of the facts of that case distinguishes it. The Court first reaffirmed the very important principle that the departments of the government must be kept separate but added, however, that when it is expressly provided in the Michigan Constitution or in the charter of the political unit in question that the 2 departments act together in a certain matter under certain conditions, then this is not a violation of that principle. A well-known example is that of the veto power of the executive. In the *Dearborn Case,* the city council gave to municipal workers a cost-of-living increase in pay without the consent or action of the city civil service board, with whom by charter (Dearborn's charter having been promulgated under the provisions of the home rule act) it was required to act. We properly held that the city council could not act alone.

Even assuming that a local government may be given authority to set up a governmental structure which in some respect may not strictly conform to the doctrine of separation, and that indeed this is done in the case of many local governments, the

instant case is not such a one. The organization of the township and that of the office of justice of the peace are directly under the purview of the legislature and the Constitution of the State and are subject to the provisions of the latter. The individual townships are given no power over the structure of their own governments; we are, instead, dealing with the exercise of legislative power delegated to them and which is subject to the provisions of the State Constitution.

It was held in the case of *Myers v. United States,* 272 US 52 (47 S Ct 21; 71 L ed 160) that while it is not possible wholly to avoid conflicts between the several departments of government, the Constitution should be expounded to blend the departments of government no more than it affirmatively requires. To a similar effect, see 11 Am Jur, § 182, p 880. We have not been shown any affirmative requirement that the justices of the peace so act on township boards; indeed the very existence of this controversy is an indication to the contrary. It is possible for the township justices to perform all of their judicial duties without any encroachment upon any department of the township government. As a minority on the township board, the justices would be exercising part of the legislative power on the board and thus are sitting unconstitutionally, but as a majority they might usurp all of the legislative power of the board.

We hold, therefore, that we do not have presented to us a case for the application of the "modified" or "limited" doctrine of separation of powers and that, in accordance with the main current of Michigan authority, the instant statute, insofar as it provides that justices of the peace be made members of township boards, is unconstitutional.

The trial judge held that section 70, *supra,* is unconstitutional for the reasons we have heretofore

given and he entered a decree to that effect. The decree is affirmed. The trial judge further found that there was no merit in other claims made by defendant. In view of our holding in favor of defendant on the main issue in the case, it is unnecessary to discuss claims made on cross appeal from the decree of the court disallowing additional claims made by defendant.

The decree may be entered herein affirming the trial judge in holding that section 70, *supra,* insofar as it provides for justices of the peace sitting as members of township boards, is in violation of and repugnant to the provisions of the Michigan Constitution and that the only legal members of the township board of Dearborn township are the supervisor, the township clerk, the township treasurer. No costs, a public question being presented.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.